NOT FOR PUBLICATION (Doc. Nos. 4, 5)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| EDWINA SMITH and ALLEN SMITH, | |
| Plaintiffs, | Civil No. 09-6372 (RBK/AMD) |
| v. | **OPINION** |
| DUNBAR ARMORED, INC. and SCOTT GAGLIO, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This case comes before the Court on Plaintiffs Edwina and Allen Smith's motion to remand and Defendants Scott Gaglio and Dunbar Armored, Inc.'s application to transfer to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). For the reasons discussed below, Plaintiffs' motion to remand is granted, and Defendants' application for transfer is denied.

I.     BACKGROUND

On May 15, 2008, Edwina Smith was involved in an auto collision with Scott Gaglio who, at the time of the accident, was an employee of Dunbar Armored, Inc. As a result of the accident, Mrs. Smith allegedly sustained serious injuries.

The Smiths commenced this negligence action on August 31, 2009 in the Court of Common Pleas of Philadelphia. On December 18, 2009, Mr. Gaglio filed a notice of removal with this Court, asserting federal subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. On January 7, 2010, Plaintiffs moved to remand this action to the Court of Common Pleas of Philadelphia pursuant to 28 U.S.C. § 1446(a). On January 22, 2010, Defendants filed a letter in opposition to Plaintiffs' motion to remand and requested that this Court transfer the case to the Eastern

District of Pennsylvania pursuant to 28 U.S.C. 1406(a).  Plaintiffs did not file a reply brief.  Accordingly, this motion is ripe for disposition.

## II.     DISCUSSION

Plaintiffs argue that remand is appropriate for two reasons.  First, Plaintiffs argue that removal was improper pursuant to 28 U.S.C. §§ 1441(a), 1446(a).  Second, Plaintiffs argue that diversity of citizenship is lacking due to Mr. Gaglio's citizenship.[1]  The Court agrees that removal was improper and thus does not reach Plaintiffs' second argument.

A defendant may remove an action filed in state court to a federal court with original jurisdiction over the action.  28 U.S.C. § 1441(a); Bromwell v. Mich. Mut. Ins. Co., 115 F.3d 208, 212 (3d Cir. 1997) (citing 28 U.S.C. § 1441; Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir. 1996)) ("The existence of subject-matter jurisdiction over an action is a prerequisite to its removal to federal court.").  Removal from state to federal court requires the defendant to remove the action "to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court.  See Delalla v. Hanover, Ins., No. 09-2340, 2009 WL 3379915, at *1 (D.N.J. Oct. 16, 2009).  To defeat a motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case.  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1995) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).  Generally, where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court.  Id. ("Because lack of jurisdiction would make any decree in

---

[1] Plaintiffs contend that Mr. Gaglio is a New Jersey citizen because Mr. Gaglio lived in New Jersey at the time of the accident.  If Mr. Gaglio was a citizen of New Jersey at the time of the filing of the Complaint, complete diversity would not exist, see Brough v. Strathmann Supply Co., 358 F.2d 374, 376 (3d Cir. 1966) (citizenship is determined at time of filing), and there would be no basis for federal subject matter jurisdiction, see Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806) (complete diversity required for diversity jurisdiction).  On the other hand, Mr. Gaglio insists he is a citizen of California because he moved there on March 17, 2009 and this case was not filed until August 31, 2009.  In such a case, diversity would be complete and serve as a basis for federal subject matter jurisdiction.

the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

This action was originally filed in the Court of Common Pleas of Philadelphia. The Court of Common Pleas of Philadelphia is embraced by the District Court of the Eastern District of Pennsylvania. Thus, any state action filed in the Court of Common Pleas of Philadelphia should be removed to the Eastern District of Pennsylvania, not the District of New Jersey. Accordingly, removal was improper. Some courts remand when an action is removed to the wrong district. See Maysey v. Craveonline Media, LLC, No. 09-1364, 2009 WL 3740737, at *2 (D. Ariz. Nov. 5, 2009) ("When a party removes a case to the improper federal court district, that district court's appropriate response should be to remand the case back to state court and not to transfer it under 28 U.S.C. [§] 1406(a), to the proper district.") (collecting cases). Other courts ignore the improper removal and, in the interest of judicial economy, transfer the case to the appropriate district. See, e.g., Oldlaw Corp. v. Allen, No. 07-1070, 2007 WL 2772697, at *6 (C.D. Ill. Sept. 24, 2007) ("The Court believes transfer is the better choice. Dismissing the case arguably only wastes time, and . . . would be unfairly harsh."). This Court will remand because removal was improper and transfer would be futile.

Defendants argue that this Court should nonetheless transfer this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer would not be in the interest of justice here. Under the "forum defendant rule," a defendant is barred from removing a state action to federal court in a state in which any of the defendants is a citizen. See 28 U.S.C. § 1441(b) ("Any such other action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). See, e.g., Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Here,

3

Defendant Dunbar Armored, Inc., is a citizen of Pennsylvania, and therefore this case could not have been removed to the Eastern District of Pennsylvania. It is not in the interest of justice for the Court to allow Defendants in through the back door when they are barred from entering through the front.

Defendants' cite to Kreimerman v. Casa Veerkamp, S.A. de C.V. for the proposition that a transfer is appropriate, but this case is easily distinguishable. 22 F.3d 634, 645 (5th Cir. 1994). In Kreimerman, the plaintiff sued a defendant in Texas state court. The defendant removed the case to the Houston Division of the Southern District of Texas. The plaintiff moved to remand the case to state court or, in the alternative, have the case transferred to the McAllen Division of the Southern District of Texas, which was the proper venue for the case. The district court denied the plaintiff's motion. On appeal, the Fifth Circuit remanded with orders to transfer the case to the McAllen Division of the Southern District of Texas. The court reasoned that because there was federal subject matter jurisdiction, the transfer within the division was "more akin to an improper venue situation than to one in which there is an actual jurisdictional defect." Id. Unlike Kreimerman, which involved an intra-district transfer, here Defendants are requesting that this Court transfer this action to a different district in which jurisdiction would be lacking. Kreimerman does not dictate granting such a request.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Defendants' application to transfer this action to the Eastern District of Pennsylvania. An Appropriate Order shall follow.


Date: 6-10-2010                                              /s/ Robert B. Kugler
                                                                     ROBERT B. KUGLER
                                                                     United States District Judge